## 58692. COLUMBUS DODGE, INC. v. GARLOCK.

SMITH, Judge.

Appellant asserts that the award of damages for loss of use of appellee's motor vehicle and the award of attorney fees was erroneous. We affirm.

1. Appellant, citing *Schafer Baking Co. v. Greenberg,* 51 Ga. App. 324 (180 SE 499) (1935), contends that the award of attorney fees must be set aside since "a substantial difference exists between the amount claimed by the plaintiff and the amount awarded by the jury . . ." We disagree.

It has been suggested that "cases in which attorney fees are unauthorized where the amount of defendant's liability as established by the jury was substantially less than that sued for are inapposite to tort cases and apply only to contract cases (particularly insurance cases involving bad faith)." *International &c. Local 387 v. Moore,* 149 Ga. App. 431, 437 (254 SE2d 438) (1979). Certainly there is no reason to apply the rule of *Schafer Baking Co. v. Greenberg,* supra, to a tort action where the request for attorney fees is based upon the theory that the defendant acted in bad faith in the transaction out of which the cause of action arose. In such a case, the alleged bad faith of the defendant is in no way disproved by a disparity between demand and verdict.

Although the Georgia Supreme Court has recently held that a "[g]reat disparity between demand and verdict alone may defeat an award of attorney fees under Code Ann. § 20-1404 when bottomed on a stubbornly litigious theory . . ." (*General Refractories Co. v. Rogers,* 240 Ga. 228, 235 (239 SE2d 795) (1977)), there is no "great disparity" presented by this case. The demand for actual damages was approximately $15,000. This jury awarded actual damages in the amount of $11,000.

We conclude that the disparity between demand and verdict in this case does not defeat the award of attorney fees.

2. Appellant also contends that there was no competent evidence adduced at trial to establish the value of services provided by appellee's counsel. We disagree.

In support of appellee's demand for attorney fees, an

attorney in practice for more than twenty-three years was called to the witness stand "for the purpose of establishing the reasonableness of attorney's fees being sought by the plaintiff." The witness testified that a reasonable value for the services enumerated and the time devoted to appellee's case (approximately 85 hours) would be "a minimum of five thousand dollars and a maximum of six." On cross examination, the witness testified that the figure of five to six thousand dollars was based on his own "going rate" of sixty-five dollars an hour. In response to the question "Are you familiar with other peoples rates, is that in keeping with what the rate would be per hour?" the witness replied, "I would think so, yes, I don't ask other lawyers what they charge."

We do not believe that the testimony on reasonable attorney fees was incompetent merely because the witness admitted that he did not "ask other lawyers what they charge." It is clear from the testimony that the witness considered his "going rate" of sixty-five dollars an hour reasonable. The witness' testimony, based upon more than twenty-three years of legal practice, provided a basis upon which the jury could determine a reasonable attorney fee. See *Davis v. Fomon,* 144 Ga. App. 14 (240 SE2d 581) (1977); *Bankers Health &c. Ins. Co. v. Plumer,* 67 Ga. App. 720, 727 (21 SE2d 515) (1942). See also *Jones v. Spindel,* 128 Ga. App. 88, 93-94 (196 SE2d 22) (1973).

3. Appellant contends that the trial court erred in entering judgment for loss of use since the only evidence of rental value was based upon hearsay. This contention is without merit. *Gibbs v. Clay,* 137 Ga. App. 381 (224 SE2d 46) (1976).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 18, 1979 — DECIDED FEBRUARY 28, 1980.

*Eugene K. Swain,* for appellant.
*Ronald W. Self,* for appellee.