Helen BROWN, Plaintiff,

v.

JOINER INTERNATIONAL, INC., and International Harvester Company, Defendants.

Civ. A. No. CV680–44.

United States District Court,
S. D. Georgia,
Augusta Division.

Sept. 26, 1981.

Susan E. Warren, Allen, Brown, Wright & Edenfield, Statesboro, Ga., for plaintiff.

Stanley Karsman, Savannah, Ga., William J. Neville, Statesboro, Ga., for defendants.

## ORDER

BOWEN, District Judge.

In February, 1979, the plaintiff in this case purchased a 1979 International Scout II from defendant Joiner International, authorized dealer for the defendant International Harvester Company. The complaint alleges that soon after purchase, the plaintiff began to experience problems with the vehicle's front end, a leak and with defective side molding. After attempts at repair were unsuccessful, plaintiff notified defendants that she was revoking her acceptance of the contract of sale, a little more than a year after purchase. Upon defendant Joiner's refusing to refund her the purchase price, plaintiff filed suit alleging breach of warranties, revocation of acceptance and fraud and deceit. Plaintiff seeks, among other items of damages, a refund of the purchase money, and a rescission of the sales contract. The Scout has been in the possession of the defendant Joiner since January, 1980. The defendants removed this suit to this Court on diversity jurisdiction.

Defendant International Harvester Company has filed with the court six motions affecting the plaintiff's complaint. Defendant has filed motions to: strike from the complaint allegations of fraud and deceit; strike any claim for revocation of acceptance of the contract of sale, and breach of express or implied warranty on the ground of lack of privity; dismiss the complaint on the theory of revocation of acceptance on the grounds of laches and untimely revocation; strike allegations of fraud; strike the prayer for punitive damages, and to strike the prayer for attorney's fees and expenses of litigation. For reasons of clarity and convenience, each motion will be treated separately.

## I

■ Defendant's first motion to strike seeks to strike from the complaint all those allegations dealing with fraud and deceit on the ground that plaintiff has failed to comply with Fed.R.Civ.P. 9(b). Rule 9(b) requires that the "circumstances constituting fraud ... shall be stated with particularity." The particularity requirement does not impose on the pleader a burden of highly detailed averments. It requires only that the pleadings set forth facts sufficiently identifying the circumstances constituting fraud so that the defendant will be able to frame adequate responses. *Walling, et al. v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1973); *Beascoechea v. Sverdrup & Parcel and Associates, Inc.*, 486 F.Supp. 169, 175 (E.D.Pa.1980). A pleading disclosing the time, place, nature of the fraudulent behavior and the party engaging in such behavior is generally sufficient under the particularity requirement of Rule 9(b). *Dominicus Americana Bohio v. Gulf & Western Industries, Inc.*, 473 F.Supp. 680, 693 (S.D.N.Y.1979). Plaintiff's complaint, in the case at bar, has met this requirement. It contains allegations indicating time, date, place and the nature of the fraud as well as the persons involved.

■ Under the circumstances of this case, to demand more detailed pleadings is to ignore the liberal pleading policy of the Federal Rules of Civil Procedure in general, and of Rule 8(a) in particular. Rule 9 is not to be read as an exception to Rule 8(a), but, rather, it is to be read in conjunction with Rule 8(a). Rule 8(a) requires merely "a short and plain statement of the claim." The two rules are complementary to one

another and must be read in that fashion, avoiding an exclusive focusing on the requirements of one or the other. *Gilbert v. Bagley, et al.*, 492 F.Supp. 714, 725 (M.D.N.C.1980); *Powell v. Abney*, 83 F.R.D. 482, 487 (S.D.Texas 1979); *Elster v. Alexander, et al.*, 75 F.R.D. 458, 461 (N.D.Ga.1977). Applying this balancing approach to the complaint in question, the complaint is sufficient with regard to Rule 9(b). Therefore, the motion is DENIED.

## II

Defendant International Harvester's second motion is to strike from the complaint any claim against International Harvester for revocation of the contract of sale and breach of express and implied warranties of sale. The ground for this motion is that this defendant did not sell the vehicle to the plaintiff.

Plaintiff alleges that the defendant International Harvester's written warranty did not exclude all implied warranties of merchantability and fitness for a particular use. International Harvester denies these allegations. In its motion, International Harvester argues that no privity exists between it and the plaintiff, thereby insulating International from liability on plaintiff's claims.

■ In this case, there exist issues of law and fact in the areas of privity and breach of warranties. Although the Court may exercise broad discretion over the disposition of a motion to strike, *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla. 1976), the Court is bound by established principles relating to the function and scope of motions to strike. A motion to strike is not favored and should not be granted unless clearly warranted. *OKC Corporation v. Williams*, 461 F.Supp. 540 (N.D.Texas 1978). Motions to strike cannot be used to determine disputed fact questions, nor can they be used to decide disputed and substantial questions of law, particularly where there is no showing of prejudice to the movant. *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). It is not the purpose of a motion to strike to afford an opportunity for the determination of these questions. *United Artists Associated, Inc. v. NWL Corporation*, 198 F.Supp. 953 (S.D.N.Y.1961). Because of the existence of disputed questions of law and fact within this case, it is hereby ordered that the motion to strike be DENIED.

## III

Defendant International Harvester's third motion moves to dismiss that portion of the complaint based on the theory of revocation of acceptance on the ground that the complaint shows upon its face that the plaintiff is guilty of laches and the alleged revocation of acceptance was untimely. Although not styled as such, the Court will treat this motion to dismiss as one for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

■ It is a well-settled precept that a court should not grant a motion for failure to state a claim unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts the plaintiff could prove in support of her allegations. *Havoco of America, Ltd. v. Shell Oil Company*, 626 F.2d 549, 533 (7th Cir. 1980); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). Furthermore, the pleader enjoys the benefit of the doubt in the court's construction of the pleadings. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).

■ In the complaint, the plaintiff alleged continuous problems with the vehicle since it was purchased. She also alleges that there have been attempts to have it repaired and that defendants have failed to cure the alleged defects. Plaintiff avers revocation of acceptance and has attached to the complaint a letter to that effect sent to the defendants. Defendant International Harvester contends that these allegations demonstrate untimely revocation. The question of what is "reasonable" and "timely" in this context is a question of fact for a jury. *Solomon Refrigeration v. Osburn*, 148 Ga.App. 772, 775, 252 S.E.2d 686 (1979);

*Jones v. Cranman's Sporting Goods,* 142 Ga. App. 838, 840, 237 S.E.2d 402 (1977).

In view of the allegations contained in the complaint, it cannot be said with certainty that the plaintiff will not be able to prove her allegations. Furthermore, a material question of fact is raised by the pleadings. A motion to dismiss should not be granted where material factual issues are unsettled. *Powell v. Southwestern Bell Telephone Company,* 494 F.2d 485 (5th Cir. 1974).

Accordingly, defendant's motion to dismiss is DENIED.

### IV

■ In this motion, defendant International Harvester moves to have stricken from the complaint all allegations relative to fraud on the grounds that the alleged fraudulent acts are based upon some future act or promise which cannot form the basis for an action for fraud and deceit.

A review of the complaint shows that a grant of the motion to strike is unwarranted. *OKC Corporation v. Williams,* 461 F.Supp. 540 (N.D.Texas 1978). All allegations of fraud relate to the representations of the vehicle at the time of its sale to the plaintiff. The allegations go to the then present knowledge and intent of the defendants. The alleged fraudulent acts are not premised on future behavior or promises. The allegations are based upon the knowledge of the condition of the vehicle at the time it was sold. The only acts that were future promises were the promises to repair contained in the warranty. Plaintiff, however, is not alleging fraud or deceit relative to the warranty or the attempts at repair. Fraud is being alleged with respect to the inducement to buy the Scout II through the representations of its quality at the time of sale.

The motion to strike is DENIED.

### V

International Harvester's fifth motion seeks to strike plaintiff's prayer for punitive damages. The defendant contends there are insufficient facts alleged in the complaint to authorize such an award.

■ In a diversity action, such as the case at bar, state law is determinative of the right to seek punitive damages. *Dunn v. Koehring Co.,* 546 F.2d 1193, 1201 (5th Cir. 1977). In Georgia, punitive damages may be awarded for fraudulent behavior. *Clark v. Aenchbacher,* 143 Ga.App. 282, 284, 238 S.E.2d 442 (1977). The thrust of defendant's motion is that the acts of fraud alleged do not authorize an award of punitive damages. Fraud must first be established before punitive damages may be awarded. Slight circumstances, however, may be sufficient to establish fraud. *Bob Maddox Dodge, Inc. v. McKie,* 155 Ga.App. 263, 270 S.E.2d 690 (1980). Once fraud is proven, it then becomes a question for the jury to determine if punitive damages are warranted. *Rustin Oldsmobile, Inc. v. Kendricks,* 123 Ga.App. 679, 182 S.E.2d 178 (1971).

■ With respect to fraud, there are extant questions of law and fact. Defendant's motion is, in effect, asking the Court to rule on the merits of the plaintiff's fraud allegations. As was stated earlier in this order, questions of law and fact cannot be decided on a motion to strike. *Augustus v. Board of Public Instruction,* 306 F.2d 862, 868 (5th Cir. 1962). Only with the determination that fraud does not exist will punitive damages be precluded. Under the circumstances of this case, the existence or nonexistence of fraud is best left to the adversarial process. As a striking of the prayer for punitive damages at this time is not appropriate, the motion to strike is DENIED.

### VI

Defendant's final motion asks the Court to strike plaintiff's prayer for attorney's fees and the costs of litigation. The ground for this motion is the insufficiency of the facts contained in the complaint to authorize an award of fees and costs. In her complaint, plaintiff alleges that the defendants have acted in bad faith in the sale of

the Scout II to her and have been stubbornly litigious.

■ The award of attorney's fees in a diversity action is determined by state law. *Klopfenstein v. Pargeter*, 597 F.2d 150, 152 (9th Cir. 1979). Under Ga.Code Ann. § 20–1404 (1977), a jury may award litigation expenses and attorney's fees if "... the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense ... " Evidence of one of these elements will send the question of recovery of fees and costs to the jury. The award of attorney's fees is a question exclusively for the jury once evidence of a requisite element is produced. *Davis v. Hospital Authority of Fulton County*, 154 Ga.App. 654, 269 S.E.2d 867 (1980); *Hill Aircraft and Leasing Corp. v. Flanders*, 143 Ga.App. 504, 239 S.E.2d 155 (1977). These principles apply equally to tort as well as contract actions. *Columbus Dodge, Inc. v. Garlock*, 153 Ga.App. 652, 266 S.E.2d 311 (1980).

In *McMichen v. Martin Burks Chevrolet*, 128 Ga.App. 482, 484, 197 S.E.2d 395 (1973), the Court of Appeals, citing *Champion v. Martin*, 124 Ga.App. 275, 183 S.E.2d 571 (1971), stated, "... in a suit for fraud and deceit the plaintiff is entitled to have submitted to the jury the matter of allowance of attorney's fees." That case, as in the case at bar, involved the sale of an automobile. There, as here, bad faith was alleged by the plaintiff. The court went on to note that the allegation of bad faith must be sustained by the evidence before an award could be made by the jury.

■ As was the case with defendant's motion in division V of this order, defendant's motion seeks, in effect, a determination by the Court that the grounds for the award of attorney's fees and expenses of litigation are not authorized by the allegations. For the reasons stated in division V, the Court will not rule on the merits of plaintiff's allegations. Under the liberal pleading policy of the Federal Rules, the allegations are sufficient to state a claim and, if proven at trial, to, perhaps, justify an award of fees and costs. It is within the province of the jury to decide if the plaintiff merits such an award based upon the evidence adduced at trial. Therefore, it is hereby ordered that the motion to strike be DENIED.