**Diane HERCEG and Andy Vines, Plaintiffs,**

v.

**HUSTLER MAGAZINE, INC., Defendant.**

**Civ. A. No. H–82–0198.**

United States District Court, S.D. Texas, Houston Division.

May 1, 1984.

Robert B. Wallis, Haynes & Fullenweider, Houston, Tex., for plaintiffs.

Jack Price, Austin, Tex., for defendant.

## ORDER

McDONALD, District Judge.

Came on to be heard Defendant Hustler Magazine, Inc.'s Motion to Dismiss Plaintiffs' Amended Original Complaint, or Alternatively, to Strike a Claim. Having con-

sidered the arguments of the parties and the applicable law, the Court is of the opinion that the Motion should be DENIED.

## I. Motion to Dismiss

Initially, it should be noted that Defendant does not state upon what legal grounds it seeks dismissal of Plaintiffs' Complaint. The Court has inferred that the Defendant wishes to base its Motion upon Plaintiffs' alleged failure to state a claim upon which relief can be granted. The standard by which such a Motion is to be decided is well-established. A Rule 12(b)(6) motion to dismiss should not be granted unless it appears from the pleadings beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Oaxaca v. Roscoe*, 641 F.2d 386, 389 (5th Cir.1981).

Defendant's Motion is, however, clearly predicated upon two specific factual arguments. First, Defendant asserts that Plaintiffs have failed to allege "incitement" under the First Amendment, as the Order granting Plaintiffs leave to amend their Complaint instructed Plaintiffs. *See Herceg v. Hustler Magazine, Inc.*, 565 F.Supp. 802, 805 (S.D.Tex.1983). Second, Defendant argues that even if Plaintiffs have pled incitement, Plaintiffs cannot meet the legal test for incitement and therefore the case at bar should be dismissed.

The Court has considered these two arguments and finds them to be without merit.

■ First, the Court has determined that Plaintiffs' Amended Original Complaint adequately pleads incitement. Specific, detailed factual legal averments are not necessary under the pleading requirements of the Federal Rules of Civil Procedure. Instead, the overall scheme of the Federal Rules of Civil Procedure calls for relatively skeletal pleadings and places the burden of ascertaining the underlying factual details on the discovery process. *See generally* Wright & Miller, *Federal Practice & Procedure: Civil* § 1376. Moreover, the Plaintiffs' Complaint satisfies the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130–32 (5th Cir.1959). The pleader enjoys the benefit of the doubt in the courts construction of the pleadings. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir.1980); *Brown v. Joiner Int'l Inc.*, 523 F.Supp. 333, 336 (S.D.Ga.1981). In the case at bar, Defendant is on notice of the claim pressed against it. In addition, the Complaint alleges more than mere legal conclusions that Defendant incited Plaintiffs' decedent to take his life. *Compare Hanson v. Town of Flower Mound*, 679 F.2d 497, 504 (5th Cir.1982) (plaintiffs' recital of Fourth Amendment claim did not put defendant town on notice that alleged police stop of automobile without probable cause was at issue).

■ Defendant's second argument in favor of dismissal appears to be that Plaintiffs cannot meet the legal test for "incitement" and that the Complaint consequently should be dismissed. This argument also must fail. A 12(b)(6) motion, as discussed above, concerns only whether a Plaintiff could under any set of facts prove a cause of action. This Court has previously determined in this case that "[i]t is conceivable that plaintiffs could prove facts showing that Hustler's article was 'directed to incite or produce' the death, which would entitle them to relief." *Herceg*, 565 F.Supp. at 805 (footnote omitted). Thus, the question is not, as Defendant suggests, whether the evidence supports the cause of action at hand. Instead, whether the Plaintiffs can meet the test for incitement depends on determinations to be made by the trier of fact.[1]

---

1. Determining whether civilly actionable "incitement" has occurred demands resolution of three separate questions: 1) Did the subject matter of the speech in question entail advocacy of the use of force to violate the law?; 2) If so, was the advocacy directed to inciting or producing imminent lawless action?; and 3) If so, who is the advocacy likely to incite or produce such imminent lawless action? *See Olivia N. v. National Broadcasting Sys.*, 126 Cal.App.3d 488, 178 Cal. Rptr. 888 (1981), *citing Brandenburg v. Ohio*, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969). Many factual determinations would

## II.  Motion to Strike

Defendants also have moved to strike "all allegations relating to liability, other than those directly relating to incitement." This request is unspecific and overly broad, and will therefore be denied. However, the Defendant is hereby granted leave to refile a more tailored motion to strike if it so chooses.

Accordingly, it ORDERED, ADJUDGED, and DECREED that the Motion be and hereby is DENIED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.

have to be made before these three questions could be answered. *See, e.g., Carey v. Population Servs. Int'l.,* 431 U.S. 678, 701, 97 S.Ct. 2010, 2024, 52 L.Ed.2d 675 (1977) (distinguishing between advertisements producing action and those merely stating the availability of products and services); *United States v. Howell,* 719 F.2d 1258, 1260 (5th Cir.1983) (distinguishing "advocacy" from "threat").