**MITCHELL ENERGY CORPORATION, Plaintiff,**

**v.**

**Max M. MARTIN, et al., Defendants.**

**Civ. A. No. H–84–3340.**

United States District Court,
S.D. Texas,
Houston Division.

Jan. 29, 1985.

Ralph K. Harrison, The Woodland, Tex., for plaintiff.

James S. Dougherty, Michael T. Brimble, Houston, Tex., Thomas G. King, Floyd A. Landrey, Kerwin B. Stone, Moore, Landrey, Garth & Jones, Beaumont, Tex., for defendants.

## ORDER

McDONALD, District Judge.

Pending before the Court is the Motion to Dismiss Complaint under Rule 12(b) of Defendants Max M. Martin, Eleanor Martin, and Marcot, Inc. Having considered the arguments of the parties and the applicable law, the Court is of the opinion that the Motion should be DENIED.

Defendants attack Plaintiff's causes of action under the Racketeer Influenced Corrupt Organization Act, 18 U.S.C. § 1961 *et seq*, ("RICO") and for common law fraud. The Court will discuss each attack individually.

## II. RICO

■ Initially, Defendants claim that Plaintiff has failed to demonstrate that Defendants have been convicted in criminal actions for the predicate acts of fraud which Plaintiff has pled under RICO; in a related argument, Defendants aver that to hold them liable under RICO absent criminal convictions for the predicate acts would deprive Defendants of due process of law. Defendants cite as authority for their arguments *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 741 F.2d 482, 496 (2d Cir.1984). The Court declines to follow the holding of the Second Circuit in regard the necessity of a prior conviction, and joins instead with the Sixth and Seventh Circuits in the conclusion that a prior conviction is not necessary.[1] Given the relatively liberal stand of the Fifth circuit on other issues involving RICO issues[2] the Court would be loathe to impose a requirement of conviction not specifically set out in the statute. And in terms of constitutional argument, the Defendants offer no authority and little supporting analysis. The Court thus cannot weigh the argument's merits, and will therefore not dismiss the pending case on the basis of that argument.

■ Defendants' next RICO argument concerns the scope of § 1962. Defendants claim that Plaintiffs' Complaint does not satisfy the requirements of showing an injury "by reason of § 1962." Specifically, Defendants note that some courts have adopted a requirement that plaintiffs pressing a RICO claim must establish a so-called "racketeering injury" in order to have a cause of action under the statute. As one court recently explained:

> RICO was intended not simply to provide additional remedies for already compensable injuries, but rather to provide added remedies and procedures to fight certain specific kinds of organized criminality. The "by reason of" language, therefore, requires that plaintiffs allege injury caused by an activity which RICO was designed to deter, which, whatever it may be, is different from that caused simply by such predicate acts as are alleged here.

*See also Bankers Trust Co. v. Rhoades*, 741 F.2d 511 (2d Cir.1984). Thus the hallmark of adopting the requirement that a racketeering injury has occurred is that the harm from the predicate offenses is not sufficient to have a RICO claim; instead, litigants under RICO must allege facts beyond the predicate offenses in order to establish that § 1962 has been violated. *See Sedima*, 741 F.2d at 493 and cases cited *infra* at 493 nn. 33–34; *Johnsen v. Rogers*, 551 F.Supp. 281 (C.D.Calif.1982). *See generally Note, Civil RICO: The Temptation and Impropriety of Judicial Restriction*, 95 Harv.L.Rev. 1101 (1982) ("Note")[3].

---

1. *Bunker Ramo Corp. v. United Business Forms, Inc.*, 713 F.2d 1272, 1287 (7th Cir.1983); *USACO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 95 n. 1 (6th Cir.1982).

2. *See, e.g., Alcorn County, Miss. v. U.S. Supplies, Inc.*, 731 F.2d 1160, 1167 (5th Cir.1984) (no allegation of enterprise injury necessary in order to maintain RICO claim) (*see* discussion *infra*); *Owl Constr. Co., Inc. v. Ronald Adams Contractor, Inc.*, 727 F.2d 540, 542 (5th Cir.1984) (*per curiam*) (no tie of enterprise to organized crime necessary in order to maintain RICO claim).

3. Some courts have distinguished required a showing of "competitive injury," while others have established a "racketeering injury" requirement. The two requirements, though distinguishable in description and name, are similar

The arguments for and against imposing the requirement to show a "racketeering injury" have been developed at length elsewhere, *see* cases cited above, and need not be repeated here. The Court has considered the facts of the instant case and the applicable precedent in the Fifth Circuit and determined that Defendants' § 1962 injury argument must be rejected.

Initially, the Court rejects Defendants' argument because the Fifth Circuit appears to be unwilling to impose the type of requirement the Second Circuit adopted in *Sedima*. Three reasons underpin this conclusion.

First, on a broad level, the Fifth Circuit has in the past been loathe to impose restrictions on RICO claims by reading into the statute requirements not clearly contained in the statute's language. For example, as noted above, the *Owl* Court rejected the imposition of a requirement that a RICO plaintiff prove that the defendants have a nexus to organized crime. Second, the *Alcorn* decision enjoins courts in this Circuit to read the enterprise requirement broadly. *See* discussion *supra*. In sum, the Fifth Circuit has been reluctant to " 'cabin in the plain language of a statute....' " *United States v. Elliott*, 571 F.2d 880, 897 (5th Cir.1978).[4]

Moreover, the imposition of a racketeering injury requirement is a means to an end which the Fifth Circuit has rejected. The courts which have imposed a racketeering injury requirement have done so in order to limit the scope of RICO to activities involving organized crime. *See, e.g., Furman v.*

*Cirrito*, 741 F.2d 524, 529 (2d Cir.1984). *Owl* and *Alcorn* expressly rejected an overt limitation of RICO suits to those alleging a nexus to organized crime, and the Court doubts whether the Court of Appeals for this Circuit will find that end more palatable simply because it is reached by the more covert means of requiring a racketeering injury.

Finally, *Alcorn* appears implicitly to have rejected the racketeering injury requirement. As noted above, the gravamen of the arguments in favor of imposing such a requirement is that no violation of § 1962 unless a plaintiff suffers a racketeering injury distinct from that caused by the predicate offenses. The *Alcorn* Court specifically stated that evidence of the two alleged predicate offenses, violations of a state anti-bribery statute, "is sufficient to warrant submitting the issue of a section 1962(c) violation to the jury.... [T]here was substantial evidence of a substantive RICO violation." *Alcorn*, 731 F.2d at 1169. In addition, *Alcorn* refers approvingly to the expansive reading of the injury requirement under § 1964 in *Schact v. Brown*, 711 F.2d 1343, 1353–59 (7th Cir.), *cert. denied*, 464 U.S. 1002, 104 S.Ct. 508, 509, 78 L.Ed.2d 698 (1983) and *Bennett v. Berg*, 685 F.2d 1053, 1059 (8th Cir.1982), *aff'd*, 710 F.2d 1361 (8th Cir.) (*en banc*), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983).

Overall, it appears that the Fifth Circuit will be reluctant to adopt a racketeering injury requirement.[5]

in origin. *See Note, Civil RICO: The Temptation and Impropriety of Judicial Restriction,* 95 Harv. L.Rev. 1101 (1982).

**4.** For the reasons enunciated in this paragraph, the Court also rejects Defendants' contention that a criminal conviction on the predicate offenses must precede a civil RICO action.

**5.** The Circuit's apparent misgivings respecting imposing a requirement of racketeering injury is well-founded. Not only are there grave doubts as to whether Congress intended such a requirement, *see Furman* but also no little trouble is entailed in defining what a racketeering injury is. As the Second Circuit noted in its leading case on the issue, "[t]he question then

becomes what kind of injury is a 'racketeering injury'?" *Sedima,* at 495. *Sedima* then states that the purpose of RICO was to stop mobsters from infiltrating legitimate enterprises or acting through illegitimate ones, and concludes that "[i]t is only when injury caused by this kind of harm can be shown" that civil liability should be imposed. *Id.* at 496. This description of the necessary injury is somewhat wanting in clarity. The candid remark of one Court attempting to clarify what it meant by racketeering injury sums up where the definition of that term now stands: "Courts recognize a racketeering enterprise injury when they see it." *Willamette Savings & Loan v. Blake & Neal Fin. Co.,* 577 F.Supp. 1415 (D.Ore.1984), *citing Jacobellis v.*

Turning next to the issue of fraud, Defendants claim that the Complaint did not adequately state under Fed.R.Civ.P. 9(b)[6] what fraud has allegedly been perpetrated on Plaintiffs.

■ Generally, the Federal Rules of Civil Procedure require in a Complaint only a "short and plain statement" of the cause of action relied upon by Plaintiff Fed.R.Civ.P. 8(a). However, under Fed.R.Civ.P. 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The relationship between the two rules is "complimentary.... [The rules] must be read in that fashion, avoiding an exclusive focusing on the requirements of one or the other." *Brown v. Joiner Int'l*, 523 F.Supp. 333, 335–36 (S.D.Ga.1981). Thus,

The focal point of a Rule 9(b) inquiry should be whether, given the nature and facts of the case and the circumstances of the parties, the pleading in question is sufficiently particular to satisfy the purposes of Rule 9(b). The rule has three purposes. First, it ensures that the allegations are specific enough to inform a defendant of the act of which the plaintiff complains and to enable him to prepare an effective response and defense. *Felton v. Walston & Co., Inc.* [508 F.2d 577 (2d Cir.1974) ], *supra; Dudley v. Southeastern Factor & Finance Co.*, 446 F.2d 303, 308, n. 6 (5th Cir.1971); *Richardson v. White, Weld & Co.*, [Current] Fed.Sec.L.Rep. (C.C.H.) ¶ 96,448 (S.D.N.Y.1978). Second, it eliminates those complaints filed "as a pretext for discovery of unknown wrongs." *Gross v. Diversified Mortgage Investors*, 431 F.Supp. 1080, 1087 (S.D.N.Y.1978). Second, it eliminates those complaints filed "as a pretext for discovery of unknown wrongs." *Gross v. Diversified Mortgage Investors*, 431 F.Supp. 1080, 1087 (S.D.N.Y.1977). The Second Circuit explained:

"A complaint alleging fraud should be filed only after a wrong is reasonably believed to have occurred; it should seek to redress a wrong, not to find one." *Segal v. Gordon*, 467 F.2d 602, 607–08 (2d Cir.1972). A plaintiff in a non-9(b) suit can sue now and discover later what his claim is, but a Rule 9(b) claimant must know what his claim is when he files it. Third, Rule 9(b) seeks to protect defendants from unfounded charges of wrongdoing which injure their reputations and goodwill. *Id.* at 607, 5 C. Wright & A. Miller, Federal Practice & Procedure § 1296. This policy is particularly important to defendants who are "in fields of expertise which are sensitive to claims of fraud." *Gilman Brothers, Inc. v. Peat, Marwick, Mitchell & Co.*, [Current] Fed.Sec.L.Rp. (C.C.H.) § 96,512 (S.D.N.Y.1968) at 93,994.

*In re Commonwealth Oil/Tesoro Petroleum Corp. Securities Litigation*, 467 F.Supp. 227, 250 (W.D.Tex.1979). A complaint need not, however, state all facts pertinent to a case in order to satisfy the requirements of Rule 9(b). *Securities and Exch. Comm'n v. Tiffany Indus.*, 535 F.Supp. 1160, 1166 (E.D.Mo.1982); *Brown*, 523 F.Supp. at 335. Fundamentally, a pleading should disclose "the time, place, nature of the fraudulent behavior and the party engaging in such behavior" in order to meet the requirements of Rule 9(b). *Id., citing Domininus Americana Bohio v. Gulf & Western Indus., Inc.*, 473 F.Supp. 680, 693 (S.D.N.Y.1979).

■ The Court has examined the Complaint in the instant case and determined that it satisfies Rule 9(b). The Complaint specifies a period of time during which the alleged frauds were perpetrated, *i.e.*, January, 1977—November, 1982; the location, Houston; the nature of the fraud, kickbacks for payments for goods and services

*Ohio*, 378 U.S. 184, 197, 84 S.Ct. 1676, 1683, 12 L.Ed.2d 793 (1964) (Stewart, J., conc.).

**6.** Fed.R.Civ.P. 9(b) provides that:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

which Plaintiff never received; and the parties involved in the fraud, the Defendants.

■ Also complained of by Defendants is a supposed failure to allege an "act" which could properly denominated a "predicate act" under 18 U.S.C. § 1961. However, the Court considers that Plaintiff's charges of commercial bribery and mail fraud adequately state predicate acts under RICO.

■ The final argument Defendants advance on the RICO claims involve the enterprise requirement of the RICO statute. Defendants argue that Plaintiffs have failed to allege the existence of an enterprise separate from the Defendants. The Court has considered and rejected the argument that such a separate enterprise must be pled. In the Fifth Circuit, the "definition of enterprise for purposes of RICO is very broad ...", *Alcorn*, 731 F.2d at 1168, and the statute does not require that the enterprises be a legal entity. 18 U.S.C. § 1961(4).

Defendants also take issue with Plaintiff's causes of action for common law fraud. Initially, Defendants reason that because Plaintiff cannot maintain its RICO action, dismissal of the pendent state claims is appropriate. Given that the Court has rejected Defendants' arguments regarding the RICO claims, pendent jurisdiction over state law fraud claims still exists. In addition, Defendants urge once more then contention that Plaintiffs have not pled fraud with sufficient particularity. That argument has been disposed of previously, and need not be repeated here.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Motion be and hereby is DENIED.