70699. M-PAX, INC. et al. v. DEPENDABLE INSURANCE COMPANY, INC.
(335 SE2d 591)

BANKE, Chief Judge.
Dependable Insurance Company, Inc., issued a performance bond guaranteeing the faithful performance of M-Pax, Inc., d/b/a Advance Builders, in carrying out a contract for the construction of a restaurant for Cindy's, Inc., which is not a party to the present proceedings. Subsequent to the completion of the restaurant, a portion of the building collapsed, prompting Cindy's to file suit against M-Pax on the construction contract and against Dependable Insurance Company on the performance bond. That suit resulted in a verdict and judgment against M-Pax and Dependable, jointly and severally, for actual damages in the amount of $13,199, as well as the assessment against Dependable of a bad-faith penalty in the amount of $3,299.75 and attorney fees in the amount of $9,425, pursuant to OCGA § 10-7-30. The total amount of this award was later reduced by the trial court to $20,000. Dependable paid the judgment and then brought the

present action to recover on a written contract of indemnity executed by M-Pax and by Stratton and Betty Paxton. At the close of the evidence, the trial court directed a verdict against all the defendants for $28,759.25, representing the total amount which had been paid by Dependable in satisfaction of the Cindy's judgment, plus $8,759.25 as compensation for the attorney fees which Dependable had expended in defense of the Cindy's suit. The defendants appeal. *Held*:

1. The defendants contend that, pursuant to *McLendon v. Hartford Accident & Indem. Co.*, 119 Ga. App. 459, 461 (167 SE2d 725) (1969), Dependable had a fiduciary duty to exercise good faith in determining whether to pay or defend the Cindy's claim and that a jury issue existed with respect to whether it breached this duty, thus precluding the direction of a verdict in its favor for that portion of the Cindy's judgment representing the award of a bad-faith penalty and attorney fees pursuant to OCGA § 10-7-30. It is uncontroverted, however, that the reason Dependable defended the Cindy's claim instead of paying it prior to trial was because Mr. Paxton, as president of M-Pax, denied any liability in the matter and resisted efforts to settle, even during the trial of the case. Under these circumstances, we hold that the defendants are estopped from contending that the insurer's failure to pay the claim prior to trial constituted a breach of fiduciary duty on its part. Thus, the trial court did not err in directing a verdict against the defendants for the full amount of the Cindy's judgment.

2. The defendants contend that the additional award of $8,759.25 to Dependable as reimbursement for its attorney fees incurred in defending the Cindy's suit must be overturned due to the absence of any evidence that such expenses were reasonable or that they were incurred as the result of the conduct of M-Pax. However, the indemnification agreement which the defendants signed clearly obligated them to indemnify Dependable for such expenses. It further provides that "a voucher or other evidence of such payment shall be prima facie evidence of the propriety thereof and of the indemnitor's liability therefor to the company." Dependable introduced such prima facie evidence of payment, and the defendants did not seek by cross-examination or otherwise to challenge the propriety or reasonableness of these payments. Consequently, we hold that the trial court did not err in directing a verdict for their recovery. Cf. *United Rental Systems v. Safeco Ins. Co.*, 156 Ga. App. 63 (273 SE2d 868) (1980). The authorities cited by the defendants do not require a contrary ruling in that they involve recovery of attorney fees pursuant to former Code Ann. § 20-1404 (OCGA § 13-6-11), as expenses of litigation (see *Columbus Dodge, Inc. v. Garlock*, 153 Ga. App. 652 (266 SE2d 311) (1980)), or pursuant to former Code Ann. § 114-712 (OCGA § 34-9-108), dealing with worker's compensation claims. See *Liberty Mut. Ins. Co. v. Kirkland*, 156 Ga. App. 576 (275 SE2d 152) (1980). The

present case, on the other hand, involves the recovery pursuant to an indemnification agreement of attorney fees previously expended for the defense of another case.

3. The trial court did not err in refusing to admit certain defense exhibits purporting to show that Dependable had purchased from the Federal Small Business Administration a guarantee of the surety bond, in the nature of a re-insurance agreement. The fact that a party has liability insurance or is otherwise indemnified against loss is generally inadmissible, unless it is relevant to some particular fact properly involved in the lawsuit. Accord *U-Haul Co. of Western Ga. v. Ford*, 171 Ga. App. 744 (1) (320 SE2d 868) (1984). See generally *Bennett v. Haley*, 132 Ga. App. 512 (16) (208 SE2d 302) (1974); *Cincinnati &c. R. Co. v. Hilley*, 121 Ga. App. 196, 201-202 (173 SE2d 242) (1970). Furthermore, there being no indication that Dependable ever assigned its right of action against the defendants to the SBA, this evidence does not suggest that it was not the real party in interest in the action.

4. The trial court did not err in excluding as irrelevant evidence concerning the attorney fees paid by M-Pax for its own representation during the Cindy's action, since the evidence does not suggest the existence of any contractual obligation on the part of Dependable to reimburse M-Pax for such expenses.

5. The trial court did not err in refusing to allow the defendants to go behind the Cindy's judgment in an attempt to establish that Dependable had not availed itself of certain defenses which were available to it in that action. "If the payment was made after judgment and the principal had notice of the pendency of the action against the surety, the amount of such judgment shall be conclusive against the principal as to the amount for which the surety was bound." OCGA § 10-7-42. Furthermore, " '[t]he right of a surety to be released from his obligation when the creditor fails to comply with the statutory notice or demand to sue the principal is one which is given by law for the surety's benefit only. That being the case, he may waive it if he sees fit.' " *J. R. Watkins Co. v. Fricks*, 210 Ga. 83, 84-85 (78 SE2d 2) (1953), citing 50 AmJur 969, § 95.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED SEPTEMBER 19, 1985 —

*Neil L. Heimanson*, for appellants.
*J. Ed Segraves*, for appellee.