717 A.2d 356 (1998)
Alan A. D'AMBROSIO, Appellant,
v.
The COLONNADE COUNCIL OF UNIT OWNERS, et al., Appellees.
Nos. 97-CV-1411, 97-CV-1412.
District of Columbia Court of Appeals.
Argued May 14, 1998.
Decided September 10, 1998.
*357 Andrew L. Hurst, with whom Gordon W. Hatheway, Jr., Washington, DC, was on the brief, for appellant.
Kirk D. Becchi, with whom Terrence M.R. Zic, Washington, DC, was on the brief, for appellees.
Before RUIZ, Associate Judge, and GALLAGHER, Senior Judge and KING, Associate Judge, Retired.[1]
RUIZ, Associate Judge:
The appellant, Alan A. D'Ambrosio, sued Community Management Corporation (CMC) for negligence, and the Colonnade Council of Unit Owners (the Colonnade Council) for negligence, breach of contract and fraud, after a pipe behind a wall of his condominium unit at the Colonnade Condominium froze and burst, causing damage to his property. CMC[2] and the Colonnade Council jointly responded to D'Ambrosio's complaint with an answer and a motion for summary judgment on the negligence and breach of contract claims. After conducting a hearing on that motion,[3] and twice granting D'Ambrosio's motions to amend his opposition to CMC's and the Colonnade Council's motion for summary judgment the trial court granted summary judgment on the negligence and breach of contract claims. The trial court also dismissed the fraud claim for failure to state a claim under Super.Ct.Civ.R. 12(b)(6) and 9(b). D'Ambrosio appeals contending that summary judgment in favor of CMC and the Colonnade Council was improperly granted because material issues remained in dispute, and that his complaint for fraud stated an adequate claim and was wrongly dismissed. We find no error in the grant of summary judgment on the negligence and breach of contract claims. We conclude, however, that the trial court improperly dismissed D'Ambrosio's fraud claim, and therefore reverse and remand for further proceedings consistent with this opinion.

I.
The trial court based its grant of summary judgment for the Colonnade Council on the unambiguous language of the Colonnade Council's Bylaws, which state in pertinent part,
The [Colonnade] Council shall not be liable for any failure of water supply or other services to be obtained by the council or paid for out of the common expense funds, or for injury or damage to person or property caused by the elements or from any pipe, drain, conduit, appliance or equipment. . . .
(Emphasis added by trial court). In granting summary judgment in favor of CMC, the Colonnade Condominium's managing agent, the trial court explained that D'Ambrosio failed not only to present evidence of CMC's responsibility for pipe maintenance sufficient to create a dispute about a material fact, but moreover to specify any negligent acts or omissions committed by CMC. Finally, the trial court dismissed D'Ambrosio's claim that he was fraudulently induced to purchase the apartment when representatives of the Colonnade Council deliberately misinformed him about the condition of the building. In paragraph 17 of his complaint, D'Ambrosio contended:
Prior to purchasing Penthouse Unit 6 in the Colonnade, Plaintiff inquired of representatives of Defendant The Colonnade concerning the condition of the building and Penthouse Unit 6. He was advised that there were "no problems" when in fact an incident similar to that which befell the Unit in 1994 had occurred elsewhere in the building in 1991, and when in fact their [sic] existed plumbing problems with respect to the tear valves and systems as well as significant ceiling leaks in the penthouses *358 and hallways. Disclosure of these conditions was not made to Plaintiff when he inquired and this nondisclosure was fraudulent under the circumstances.
Paragraph 18 continued:
Had truthful disclosures been made to Plaintiff he would not have acquired Penthouse Unit # 6, would not have sustained the damages to the Unit, and would not have incurred the expenses of owning, maintaining, and rehabilitating the Unit.
The trial court concluded that D'Ambrosio "simply failed to allege the required particularities with regard to at least three of the essential elements of fraud."

II.
This court reviews a trial court's grant of summary judgment according to the same standard applied by the trial court, after an independent review of the record. See Holland v. Hannan, 456 A.2d 807, 814 (D.C.1983). In addition,
A motion for summary judgment should be granted whenever it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Super.Ct.Civ.R. 56(c)[.] The moving party's "initial responsibility" consists of "informing the [trial] court of the basis for its motion, and identifying those portions of the pleadings, . . . together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)[.] If the movant meets this standard, then the burden shifts to the non-moving party "to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, supra, 477 U.S. at 322, 106 S.Ct. at 2552[.] Mere conclusory allegations on the part of the non-moving party are insufficient to stave off the entry of summary judgment.

Musa v. Continental Ins. Co., 644 A.2d 999, 1001-02 (D.C.1994) (other citations omitted) (emphasis added).
In this case, CMC and the Colonnade Council met their "initial responsibility" by presenting the above-quoted language from the Colonnade Condominium Bylaws limiting liability and an affidavit from the Colonnade Council's resident manager. The Bylaws expressly preclude D'Ambrosio from holding the Colonnade Council liable "for damage to . . . property caused by the elements or from any pipe." Colonnade Condominium Bylaws, Art. VII, § 6. See Lacy v. Sutton Place Condominium Ass'n, 684 A.2d 390, 393 (D.C.1996) (affirming summary judgment for a condominium association and management company in a negligence action when a resident was injured in an area which the condominium bylaws had placed off-limits, making the resident a trespasser with limited rights). "The bylaws of the condominium association are a form of private law making, and individuals who choose this form of ownership, by agreement, forego some of the traditional incidents of ownership." Id. (quotations omitted). The resident manager's sworn affidavit was based on "information obtained from various sources, including [her] personal experience. . ., the [Colonnade] Council's records, documents maintained by the [Colonnade] Council in the regular course of business, and other information obtained by [her] in the regular course of business." The resident manager asserted in her affidavit that "[a]t all times relevant to the allegations made in the Complaint, Community Management Corporation [CMC] was not responsible for the maintenance of the water pipes at the Colonnade Condominium."
D'Ambrosio responded to CMC and the Colonnade Council's motion for summary judgment with a memorandum of points and authorities and his own affidavit, in which he outlined four reasons why a dispute over material facts precluded summary judgment. D'Ambrosio first pointed to other sections of the Bylaws, which place responsibility with the condominium unit owner for maintenance of plumbing fixtures and other appliances within that owner's unit, and responsibility for maintaining "general common elements," including pipes, with the Colonnade Council. D'Ambrosio insisted that when read alongside these other sections of the Bylaws, the *359 limitation on liability clause could not control in a situation of damage caused by common pipes beyond the reach of a unit owner. D'Ambrosio further relied on the past practice of the Colonnade Council of repairing damage to units caused by similar leaks, promises made to D'Ambrosio by the resident manager after the pipe burst that the Colonnade Council would take responsibility for the damage to his unit,[4] and a "commonsense reading" of the Bylaws to fix liability for maintaining common element pipes with the Colonnade Council. As to the motion for summary judgment for CMC, D'Ambrosio contended that CMC had failed to provide any facts to support its "bald assertion" that it was not responsible for the pipes or the damage.
Viewing the Colonnade Bylaws as a whole, as D'Ambrosio requests, we find no language inconsistent with the unambiguous meaning of the limitation on liability clause. See Sagalyn v. Foundation for Preservation of Historic Georgetown, 691 A.2d 107, 111 (D.C. 1997) ("[W]e adhere to an `objective law' of contracts, which means that the written language will govern the parties' rights, unless it is not susceptible of clear meaning or absent other circumstances not pertinent here."). The provisions in the Bylaws allocating responsibility as between the unit owners, with respect to pipes in their units, and the Colonnade Council, with respect to pipes in common areas outside individual units, do not in any way modify or limit the provision in the Bylaws that the Colonnade Council is not responsible for damages from "any pipe." The former provision deals with maintenance responsibilities; the latter provision is a matter of financial risk allocation. D'Ambrosio moreover failed to produce the other evidence he claimed existed, even assuming it were admissible, to overcome the Bylaws' unambiguous language, such as the Colonnade Council's alleged past practice of paying for damage to other condominium units in similar circumstances. See Miller v. American Coalition of Citizens with Disabilities, Inc., 485 A.2d 186, 191 (D.C.1984) ("Appellant may not hold back any evidence or fail to make full disclosure of the facts upon which []he relied for recovery.") (quoting Yates v. District Credit Clothing, Inc., 241 A.2d 596, 599 (D.C.1968)). D'Ambrosio thus failed to put forth the evidence of contested material facts necessary to defeat the motion for summary judgment, despite permission from the trial court to twice supplement his opposition to the motion for summary judgment, and despite the availability of the option of filing an affidavit under Super.Ct.Civ.R. 56(f),[5] which
affords protection against the premature or improvident grant of summary judgment [by permitting a nonmovant to file]. . . an affidavit stating how discovery would enable him or her to effectively oppose the summary judgment motion.
McAllister v. District of Columbia, 653 A.2d 849, 852-53 (D.C.1995).[6]
Similarly, even assuming that the Bylaws' limitation on the Colonnade Council's liability did not provide a complete defense to *360 CMC, D'Ambrosio failed to submit to the trial court any evidence sufficient to create a material issue regarding CMC's responsibility for the pipe which froze and burst, in the face of the resident manager's affidavit denying that CMC was so responsible. The general statements contained in flyers and other information provided to condominium residents regarding CMC's activities at the Colonnade in D'Ambrosio's supplemental filings,[7] do not specify any duty owed by CMC or negligent act by CMC in relation to D'Ambrosio or the particular pipes in question. See McAllister, supra, 653 A.2d at 852. As there were no material facts in dispute and the Colonnade Council and CMC were entitled to judgment as a matter of law, summary judgment on the breach of contract and negligence claims was proper.

III.
We agree, however, that the trial court incorrectly granted the Colonnade Council's motion to dismiss the fraud count. The trial court concluded,
[D'Ambrosio's] allegation that [the Colonnade's] representative committed fraud is too vague and ambiguous to withstand a dismissal motion. It is based on the allegation, stated in his Complaint at paragraph 17, that he was advised, on inquiry, at the time of purchasing his condominium unit, that there were "no problems" with the building in general, when in fact certain plumbing problems had previously occurred in the building. Such a general inquiry, and the vague response cited thereto, appear grossly inadequate to factually support a claim of fraud related to the purchase of plaintiff's condominium unit.
The trial court also
noted that in support of his opposition to defendants' summary judgment motion, which the court previously granted as to [the negligence and breach of contract counts], [D'Ambrosio] had submitted an affidavit which presented some additional factual statements regarding the fraud issue.[8] Such affidavit was not proffered by [D'Ambrosio] in his opposition to [the Colonnade Council's] motion to dismiss. However, even if it were proper for the court to consider these additional facts, which were not part of the complaint, they would still not solve [D'Ambrosio's] inadequacy of pleading problem as to the fraud count; even with such affidavit, [D'Ambrosio] has not plead all essential elements of fraud.
Generally, this court may affirm the trial court's dismissal of a claim under Super.Ct.Civ.R. 12(b)(6) only if
it appears that a plaintiff can prove no facts in support of the claim which would entitle the plaintiff to relief. When considering a motion under this rule, the court must construe the complaint in the light most favorable to the plaintiff, assuming for purposes of the motion that the allegations of the complaint are true.
Vincent v. Anderson, 621 A.2d 367, 372 (D.C.1993) (internal citations omitted). When the claim is for fraud, however, we must also consider whether the complaint is pleaded with particularity, as required by Super.Ct.Civ.R. 9(b).[9] Fraud, which must be *361 established by clear and convincing evidence, is comprised of five elements:
(1) a false representation, (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation.
Bennett v. Kiggins, 377 A.2d 57, 59 (D.C. 1977), cert. denied, 434 U.S. 1034, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978) (citing Super.Ct.Civ.R. 9(b)) (other citations omitted).
In addition, the court must not overlook Super.Ct.Civ.R. 8(a)(2), which calls for a plaintiff to file only "a short and plain statement of the claim showing that the pleader is entitled to relief." See also Mitchell Energy Corp. v. Martin, 616 F.Supp. 924, 927 (S.D.Tex.1985) ("The relationship between [Rules 8(a) and 9(b)] is complementary. . . . [The rules] must be read in that fashion, avoiding an exclusive focusing on the requirements of one or the other.") (quoting Brown v. Joiner Int'l, 523 F.Supp. 333, 335-36 (S.D.Ga.1981)).[10] According to the United States Court of Appeals for the District of Columbia Circuit,
[r]eading these two provisions in conjunction `normally . . . means that the pleader must state the time, place and content of the false misrepresentations [sic], the fact misrepresented and what was retained or given up as a consequence of the fraud.'
Kowal v. MCI Communications Corp., 305 U.S.App.D.C. 60, 67, 16 F.3d 1271, 1278 (1994) (quoting United States v. Cannon, 206 U.S.App.D.C. 405, 417, 642 F.2d 1373, 1385 (1981), cert. denied, 455 U.S. 999, 102 S.Ct. 1630, 71 L.Ed.2d 865 (1982)).[11]
Reviewing D'Ambrosio's complaint under these standards, we conclude that the trial court erred in dismissing D'Ambrosio's fraud count against the Colonnade Council. While the complaint of fraud was pleaded in extremely "short and plain" terms, D'Ambrosio did allege the time as "[p]rior to purchasing" his unit; the context of the paragraph makes clear that the place of the alleged fraud was the Colonnade Condominium; the content of the misrepresentation were statements that there were "no problems" with the building or penthouse unit 6; and what D'Ambrosio "gave up" was the opportunity not to purchase the penthouse unit that resulted in the "expenses of owning, maintaining, and rehabilitating the Unit." See id.
The trial court concluded, without elaboration, that D'Ambrosio "failed to allege the required particularities with regard to at least three of the essential elements of fraud." We disagree. D'Ambrosio has pleaded, in particularized but concise form, each of the five elements of fraud. See Bennett, supra, 377 A.2d at 59. Furthermore, the pleading satisfied one of the purposes of Rule 9:
[to] ensure[] that the allegations are specific enough to inform [the Colonnade Council] of the act of which [D'Ambrosio] complains and to enable [it] to prepare an effective response and defense.
Mitchell, supra, 616 F.Supp. at 927.[12] Therefore, while we affirm the trial court's grant of summary judgment to both defendants on the negligence and breach of contract counts, we reverse and remand the *362 dismissal of D'Ambrosio's complaint of fraud against the Colonnade Council.
So ordered.
NOTES
[1] Judge King was an Associate Judge of the Court at the time of argument. His status changed to Associate Judge, Retired, on September 1, 1998.
[2] D'Ambrosio alleges that CMC is the managing agent for the Colonnade Council, responsible for building maintenance.
[3] The record contains no transcripts from this hearing.
[4] In his memorandum of points and authorities in opposition to the defendants' motion for summary judgment, D'Ambrosio cited to his own affidavit in asserting first that the resident manager of the Colonnade Condominium "represented to [D'Ambrosio] that the Council would assume responsibility for the damages to [D'Ambrosio's] premises," and next that the same resident manager "acknowledged that CMC would be paying for the damage." [Emphasis added.] In his affidavit, D'Ambrosio stated that the resident manager told him that the Colonnade Council would pay for the repairs to his apartment; the affidavit does not mention CMC on this issue.
[5] Super.Ct.Civ.R. 56(f) reads:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
[6] This court clarified in Beegle v. Restaurant Mgmt., Inc., 679 A.2d 480, 487 n. 8 (D.C.1996), that

[f]iling of the affidavit is required to preserve the Rule 56(f) contention that disposition of the motion should be delayed pending discovery and to avoid the premature grant of summary judgment.
(Emphasis added.)
[7] Examples include a "Progress Report" from the Colonnade Council stating that "CMC and our own in-house management and engineering staff will all be working together as a team;" and a Colonnade newsletter reporting on the response to the winter weather which damaged D'Ambrosio's apartment, which stated, "[t]he fact that we experienced only minor inconvenience, with a single exception, is a tribute to the hard work and skill of our management and engineering staff."
[8] Paragraph 17 of D'Ambrosio's complaint stated that "representatives" of the Colonnade Council advised him that there were "no problems" with the building and Penthouse Unit 6. In D'Ambrosio's affidavit, filed with his opposition to the Colonnade Council and CMC's motion for summary judgment, D'Ambrosio added the following relevant details not included in his complaint: 1) the "representatives" of the Colonnade Council were the resident manager and president of the Colonnade Condominium; 2) D'Ambrosio's inquiry specifically referred to "problems with Apartment PH 6 in the past;" and 3) D'Ambrosio also asked about the condition of "the penthouse floor in the area around the subject apartment." (Emphasis added.)
[9] Super.Ct.Civ.R. 9(b) provides:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.
[10] Super.Ct.Civ.R. 8(a) and 9(b) are identical to the corresponding Federal Rules of Civil Procedure, and "we may look to federal court decisions interpreting the federal rule as `persuasive authority in interpreting [the local rule].'" Goldkind v. Snider Bros., Inc., 467 A.2d 468, 472 (D.C.1983) (quoting Vale Properties, Ltd. v. Canterbury Tales, Inc., 431 A.2d 11, 13 n. 3 (D.C. 1981)).
[11] We have found no case which requires, as the Colonnade Council asserts without cited support, that D'Ambrosio must prove that the Colonnade Council was somehow an interested participant, and not a "stranger to the transaction," between D'Ambrosio and the condominium unit seller.
[12] The other two purposes of Rule 9(b) are:

[to] eliminate[] those complaints filed `as a pretext for discovery of unknown wrongs. . .' [; and] to protect defendants from unfounded charges of wrongdoing which injure their reputations and goodwill.
Mitchell, supra, 616 F.Supp. at 927 (quoting Gross v. Diversified Mortgage Investors, 431 F.Supp. 1080, 1087 (S.D.N.Y.1977)).