Ethel Louise WOODWARD, Appellant,

v.

DISTRICT OF COLUMBIA, a Municipal Corporation, Appellee.

No. 11198.

District of Columbia Court of Appeals.

Submitted April 27, 1977.

Decided May 22, 1978.

Samuel J. Ochipinti, Suitland, Md., was on the brief for appellant.

John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Deputy Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, and Dennis McDaniel, Asst. Corp. Counsel, Washington, D. C., were on the brief for appellee.

Before GALLAGHER, YEAGLEY and MACK, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from a directed verdict for the District of Columbia in a false arrest and false imprisonment suit.

There is no substantial dispute on the facts. A warrant was issued charging appellant with the misdemeanor of making threats to do bodily harm [1] and she was arrested soon thereafter. The officer neglected to make a return of service on the warrant as required. Subsequently, a nolle prosequi was entered. Approximately eighteen months later two officers arrived at her home at 5:30 a. m. to arrest her. Upon arising, she informed the officers that the charge underlying the warrant had been dropped. An officer made a phone call in an attempt to verify her information and thereupon arrested her and took her to police headquarters. Several hours later they ascertained that the charge had in fact been dropped previously and released her.

The officers testified they were assigned to the warrant squad and had reviewed a computer printout sheet, compiled by the Washington Area Law Enforcement System (WALES), which lists all the active arrest warrants on file in the Superior Court's Warrant Office. They obtained the name of appellant from the printout sheet and proceeded without the warrant to her home. The printout sheet showed the warrant was issued on January 11, 1973. The arrest in question was made on June 4, 1974, and hence the warrant, even if it had not already been served, was then approximately eighteen months old. The officers testified that while at plaintiff's home to make the arrest, one of them phoned WALES to determine whether the warrant was still outstanding and received an affirmative response. At the conclusion of the evidence, the trial court found there was probable cause for the arrest and granted the government's motion for a directed verdict. We reverse.

■ This suit for false arrest and imprisonment is against the District of Columbia under the doctrine of respondeat superior. This is permitted under the authority of our decision in *Wade v. District of Columbia,* D.C.App., 310 A.2d 857 (1973) (en banc). In civil cases, unlike motions to suppress in criminal cases, the test to be applied to participating police officers is (a) whether they believed in good faith their conduct was lawful and, if so, (b) whether the belief was reasonable. *Wade, supra* at 862–63. To prevail, the government does not have the burden of establishing probable cause in the constitutional sense, a judicial thicket that should not be imposed upon an officer (or the government) in the context of a false imprisonment suit. Instead, the standard governing the police conduct which we have just related is in part subjective and objective. Consequently, in order to successfully defend, it must be proved "that [the officer] believed, in good faith, that his conduct was lawful, [and] also that his belief was reasonable." *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 456 F.2d 1339, 1348 (2d Cir. 1972); *Wade, supra* at 862–63.

In this case, the government's difficulty began when the police department neglected to reflect service of the warrant in its records, as required.[2] This dereliction of duty doubtless caused the warrant to continue to be carried in the WALES printout. Nevertheless, the important consideration is that the WALES printout which prompted the officers to proceed to appellant's home to make the arrest showed the warrant to be more than one year old.

There is a statute in this jurisdiction which prohibits execution of a warrant more than one year after its issuance. It provides:

A warrant or summons issued by the Superior Court of the District of Columbia for an offense punishable by imprisonment for not more than one year, or by a fine only, or by such imprisonment and a fine, may be served in any place in the District of Columbia but *may not be executed more than one year after the date*

1. D.C. Code 1973, § 22–507.

2. See Exhibit 4, paragraph 3.

*of issuance.* [D.C. Code 1973, § 23–563(b); emphasis added.]

Even if we were to look no further than the face of the printout which the officers examined prior to the arrest, it appeared there that the warrant had been issued approximately eighteen months previously, which gave notice the warrant was invalid.[3] The officers, who had been on the warrant service assignment for several years, knew then, or reasonably should have known, that the warrant referred to on the printout sheet was invalid as a matter of law.[4] To put it another way, the officers were, as a matter of law, charged with notice of the invalidity. At a minimum, the officers were required at that point to investigate in order to determine the status of the warrant itself before going further. Beyond this, the warrant had been satisfied long since and no basis existed for the arrest.

There is agreement here that there is no factual dispute between the parties, at least none of significance. This being so, probable cause is a question of law. *Lansburgh's, Inc. v. Ruffin,* D.C.App., 372 A.2d 561 (1977); *Smith v. Tucker,* D.C. App., 304 A.2d 303 (1973). We conclude the officers made an arrest based upon a nonexistent warrant, as a matter of law.[5] We conclude, further, that they reasonably should have known of this invalidity and any belief they may have had to the contrary was not reasonable. Consequently, we hold the arrest lacked probable cause. The question of damages has yet to be litigated.

We reverse and remand to the trial court for further proceedings consistent with this opinion.

*So ordered.*

---

**3.** See Exhibit No. 1.

**4.** In a criminal case, and one where the existence of a warrant was asserted, we stated "[w]e find no constitutionally significant difference between an invalidly issued warrant and one which in fact does not exist." *Gilchrist v. United States,* D.C.App., 300 A.2d 453, 455 (1973).

**5.** D.C. Code 1973, § 23–563(b), *supra.*