**Isaac DAVIS**

v.

**William W. GILES, Appellant,**

**Robert M. Chambers, et al.**

**No. 84–5493.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 27, 1985.

Decided Aug. 16, 1985.

James N. Jacobi, for appellant. Michael J. Miller was on brief, for appellant.

Marc S. Moskowitz, Washington, D.C., for appellee.

Before TAMM and WALD, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

Dissenting opinion filed by Circuit Judge WALD.

PER CURIAM:

Giles appeals from a denial of his motion for a judgment notwithstanding the verdict ("n.o.v.") in a case where a jury found against him on a complaint charging him with assault and battery and malicious prosecution. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. For the reasons stated below, we affirm.

I.

We find the disputed facts are as follows: On January 13, 1983, Isaac Davis was employed as a parking lot attendant at 921 9th Street, N.W., in Washington, D.C. At about 6:00 p.m., after consuming several beers at a nearby bar, William Giles and his friend Robert Chambers returned to the parking lot where Davis worked to retrieve the car Giles had parked there that morn-

ing. According to Davis, Giles entered Davis' parking attendant's booth and paid the parking fee. Davis then informed Giles that the lights on the car, which was locked, had been left on all day and that as a result the battery might be dead. Giles criticized Davis for not forcing entry and turning off the lights, but Davis informed Giles that the policy of the parking lot prohibited him from entering locked cars. Nevertheless, upset, Giles threatened Davis and blocked the exit of the attendant's booth. Davis forced his exit and managed to escape to the outside, and Giles followed him in pursuit into the open lot. Following repeated demands to leave, Giles struck Davis and then left. Thus, Davis argues that Giles and Chambers started the fracas that resulted.

Giles, on the other hand, denied ever having entered the attendant's booth and charged that the only altercation which took place was when Davis repeatedly struck him with a stick, driving him off the premises. Giles claims he suffered a broken hand bone and facial laceration requiring numerous stitches.

Giles and his friend departed from the lot only to return later that evening. The police were summoned, though it is disputed whether Davis and/or Giles called them. When the police arrived, Giles and Chambers allegedly gave them false information "calculated to induce the Metropolitan Police to arrest [Davis]" (Joint Appendix 4), which the police did. Giles and Chambers later again gave allegedly false information to an Assistant United States Attorney who, based on their accounts, filed an information against Davis, charging him with assault under D.C.Code § 22–504[1] and possession of a prohibited weapon—a stick. After questioning Davis' witnesses, the government dismissed the charges by entering a *nolle prosequi* because, according to Davis, the Assistant U.S. Attorney believed that Giles and Chambers failed to inform him of several material facts provided by Davis' witnesses.

Davis sued Giles in district court for false imprisonment, assault and battery, and malicious prosecution. Giles counterclaimed for assault and battery. (A single count of malicious prosecution against Chambers was disposed of by a directed verdict.) The court on motion dismissed the false imprisonment charge. The jury found for each party on their respective assault and battery claims, but awarded no damages. The jury also found in favor of Davis' claim against Giles for malicious prosecution, and awarded $10,000.

Giles moved for judgment n.o.v. on the malicious prosecution verdict on the ground that the jury's finding that Davis assaulted and battered Giles established probable cause for the prosecution as a matter of law. The trial court denied the motion. Giles brought this appeal.

II.

In order to grant judgment n.o.v., appellant must establish that the evidence, along with all inferences reasonably to be drawn therefrom, when viewed in the light most favorable to the appellee, is such that reasonable jurors in the exercise of fair and impartial judgment could not reasonably disagree in finding for the appellant. *U.S. Industries, Inc. v. Blake Construction Co.*, 671 F.2d 539, 550 (D.C.Cir.1982); *Vander Zee v. Karabatsos*, 589 F.2d 723 (D.C. Cir.1978), *cert. denied*, 441 U.S. 962, 99 S.Ct. 2407, 60 L.Ed.2d 1066 (1979). As the moving party, appellant Giles bears the burden of proving that the malicious prosecution verdict should be set aside.

Appellant relies on no factual point, but broadly contends that a jury finding of civil assault and battery establishes probable cause *as a matter of law*, and thus that the malicious prosecution verdict is inconsistent with such jury finding. Malicious prosecution requires: 1) the initiation or procurement of criminal proceedings; 2) with-

---

1. D.C.Code § 22–504 provides:
   Whoever unlawfully assaults, or threatens another in a menacing manner, shall be fined not more than $500 or be imprisoned not more than 12 months, or both.

out probable cause; 3) primarily for a purpose other than bringing an offender to justice; and 4) termination of the proceedings in favor of the accused. Restatement (Second) of Torts § 653 (1977). The only disputed element on this appeal is element 2, existence of probable cause, which has been said to be "such reason supported by facts and circumstances as will warrant a cautious man in the belief that his action and the means taken in prosecuting it are legally just and proper." *Ammerman v. Newman,* 384 A.2d 637, 639–40 (D.C.App. 1978). Probable cause depends on the honest belief of the person instituting the proceeding. *Id.* at 640.

Appellant has phrased the issue in this case as follows: whether the finding of assault and battery in this case establishes probable cause to bring a criminal assault charge as a matter of law. We conclude that it does not.

■ Though there may be some factual situations where a civil assault and battery is severe enough to give rise to the existence of probable cause for bringing criminal assault charges, as an abstract statement of law appellant's argument cannot be sustained. There is a distinction between the elements of a civil assault and battery and those of a criminal assault. *Compare* Restatement (Second) of Torts §§ 13, 18, 19, 21 (1965) (*civil* assault and battery requires only an "imminent apprehension" of a "harmful or offensive contact") and *Rogers v. Loews L'Enfant Plaza Hotel,* 526 F.Supp. 523, 529 (D.D.C.1981) (same), *with Patterson v. Pillans,* 43 D.C. App. 505, 506 (D.C.App.1915) (*criminal* assault requires "an attempt with force or violence to do a corporeal injury to another"). *See also Morissette v. United States,* 342 U.S. 246, 250–52, 263–73, 72 S.Ct. 240, 243–44, 249–55, 96 L.Ed. 288 (1952) (discussion of the necessity of the mental element of criminal intent in crimes taken from the common law). Thus a finding of a technical *civil* assault and battery is not alone sufficient to give rise to a finding of probable cause sufficient to support a charge of *criminal* assault. For example, a mild striking of another on the shoulder could constitute a technical civil assault and battery yet fail to rise to an "attempt with force or violence to do a corporeal injury" under the criminal standard.

■ Further, where the facts are disputed, the question of whether probable cause existed is one for the jury. *Stewart v. Sonneborn,* 98 U.S. (8 Otto) 187, 194, 25 L.Ed. 116 (1879); *Woodward v. District of Columbia,* 387 A.2d 726, 728 (D.C.App. 1978); *Ammerman v. Newman, supra.* Under the disputed facts of this case, it was within the jury's province to determine that *the facts it found to exist* did not permit appellee to reasonably charge that a *criminal* assault and battery had been committed.

The dissent relies heavily on appellant's alleged damages consisting of lacerations and a broken bone to support its conclusion that probable cause did exist here, but it does so despite the jury's finding that *no* damages were to be awarded to either appellant or appellee on their claims of civil assault and battery. Given this absence of an award of damages, it cannot be concluded that appellant's alleged injuries were a *result* of appellee's civil battery. In fact, the opposite conclusion is mandated by the jury's verdict—that no damages were attributable to appellee's civil battery. This is not a case where the damage awards offset each other; rather, *no* damage awards exist.

Thus, appellant has argued that judgment n.o.v. should have been granted because a finding of civil assault and battery establishes probable cause to institute a criminal assault charge as a matter of law. We cannot agree. Further, appellant has failed to meet his burden of showing that, where a jury found no more than two technical civil assaults and batteries, reasonable jurors could not also have found that appellant did not have probable cause to institute a criminal assault charge. Probable cause to bring a criminal complaint requires some basis for concluding that the accused defendant acted with the necessary criminal intent, *see Morissette v. Unit-*

ed States, supra, and no such conclusion can necessarily be drawn from a civil verdict.

The order of the district court denying appellant's motion for judgment n.o.v. is affirmed.

WALD, Circuit Judge, dissenting:

I respectfully dissent from the panel's affirmance of the district court's denial of appellant Giles' motion for judgment notwithstanding the verdict on appellee Davis' malicious prosecution claim. The jury found that Giles was liable for malicious prosecution and awarded Davis $10,000. The jury also found that each party had committed an assault and battery on the other but declined to award either party damages. Under the circumstances of this case, the jury's finding of malicious prosecution was inconsistent with its finding that Davis had in fact committed an assault and battery and thus should have been set aside.

To prevail on his malicious prosecution claim, Davis was required to show that Giles had no probable cause to initiate the criminal proceeding for assault and battery against Davis. See Dellums v. Powell, 566 F.2d 167, 191 n. 65 (D.C.Cir.1977). There is no question but that a finding that the person committed the offense charged is a complete defense against liability for malicious prosecution. See Restatement (Second) of Torts § 657 (1977). On the other hand, the fact that the criminal charges are eventually dismissed or that the person is acquitted after a trial is obviously not itself determinative of liability in the subsequent malicious prosecution proceeding, since the

favorable termination of the criminal proceeding is only one of the prerequisites to maintaining an action for malicious prosecution. See Dellums v. Powell, 566 F.2d at 191 n. 65 (one of the four elements of malicious prosecution is that the "prosecution must have ended in the plaintiff's favor"); Restatement (Second) of Torts § 657 comment a (the guilt of person accused in criminal proceeding may be retried in civil proceeding).

In the present case, the jury found Davis had committed a civil assault and battery on Giles. Assault and battery are intentional torts. Hence both criminal and civil assault require proof of the same two elements: the act itself and the intent to commit the act. See D.C.Code Ann. § 22–504 (1973 & Supp. VII 1980); Restatement (Second) of Torts §§ 13, 21 (1977). In the present case, Davis struck Giles with a three-foot stick resulting in a head injury to Giles requiring sixteen sutures. The jury's finding of liability establishes that Davis committed the requisite acts with the requisite intent to constitute a civil assault and battery. Since civil and criminal liability for assault and battery are predicated on proof of the same basic elements of an act and an intent to commit the act, the jury's finding that Davis committed an actual assault and battery, in my view, is sufficient under the circumstances of this case to establish that Giles had probable cause to initiate criminal proceedings.[1] Thus Davis failed to establish an essential element of his malicious prosecution claim and the district court should have entered a judgment notwithstanding the verdict.

1. My independent research has not uncovered, nor have the parties brought to the court's attention, any authoritative articulation of a difference, pertinent to this case, between criminal and civil assault with respect to the nature or degree of intent required. It is true that a civil assault and battery may only entail the intent to cause "an imminent apprehension" of harm (e.g., where one attempts to frighten another with an unloaded gun), see Restatement (Second) of Torts §§ 13, 21 (1977), whereas simple assault, the criminal charge against Davis, requires the presence of circumstances denoting

an intention of using actual violence against the person. See Guarro v. United States, 237 F.2d 578, 580 (D.C.Cir.1956); Matter of L.A.G., 407 A.2d 688, 689 (D.C.1979). This distinction is irrelevant to the present case since Davis did not merely attempt to cause an "imminent apprehension of harm." To find Davis civilly liable for assault and battery, the jury had to find both that he committed the assault and battery and that he did so intentionally. Surely these two jury findings establish as a matter of law that Giles had probable cause to initiate criminal proceedings.