**Duane Richards SCHINNER, Plaintiff,**

v.

**William STRATHMANN, Defendant.**

**Civ. A. No. 88–3710.**

United States District Court,
District of Columbia.

May 17, 1989.

Duane Richards Schinner, Miami, Fla.,
pro se.

Paul Quander and Robert P. Owens, D.C.
Corp. Counsel, Correctional Litigation Section, Washington, D.C., for defendant.

## ORDER

CHARLES R. RICHEY, District
Judge.

The allegations in plaintiff's complaint arise solely out of an interview that defendant, a psychiatrist, conducted of plaintiff. Defendant conducted this interview to assist a Superior Court judge in determining whether plaintiff was mentally competent to stand trial on criminal charges pending against him. Now before the Court is defendant's motion to dismiss this suit pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. As grounds for his motion, defendant argues that he is entitled to absolute immunity because he was acting in a judicial capacity when he conducted the interview of plaintiff.

An individual, who plays an "integral" part in the judicial process, may be entitled to absolute immunity even if he or she is not a judge. *Briscoe v. La Hue*, 460 U.S. 325, 335, 103 S.Ct. 1108, 1115, 75 L.Ed. 2d 96 (1983). The availability of such immunity depends on whether the individual was performing a judicial function as an officer of the court. *See, e.g., Sparks v. Character and Fitness Committee of Kentucky*, 859 F.2d 428 (6th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1120, 103 L.Ed.2d 183 (1989); *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1303 (9th Cir.1989). In order "to draw the line" between acts to which immunity attaches and those to which it does not, it is necessary to examine whether the acts in question are "truly judicial" in nature or whether they are "acts that simply happen to have been done by judges." *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988). It cannot be gainsaid that judges are specially entrusted with the job of determining whether a defendant is competent to stand trial. As such, defendant was acting in a judicial capacity when he interviewed plaintiff to assist a judge in evaluating plaintiff's com-

petency to stand trial. Because defendant was acting in a judicial capacity when he interviewed plaintiff, he is entitled to absolute immunity regardless of whether he acted "maliciously or corruptly" in the course of the interview. *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).

ORDERED that defendant's motion to dismiss the above-entitled suit pursuant to Fed.R.Civ.P. 12(b)(6) shall be, and hereby is, granted.