53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ruben MARTINEZ, as natural father and next friend of Ruben
Jr., and Jennifer I. Martinez, Plaintiff-Appellant,
v.
Beth ROTH; Richard D. Stoops, Defendants-Appellees.
 No. 94-2206.
 United States Court of Appeals, Tenth Circuit.
 April 26, 1995.
 
 D. New Mexico, D.C. No. CIV-94-395-JC/WWD.
 Ruben Martinez, pro se.
 Jamie McAlister and Kurt Wihl Keleher & McLeod, P.A., Albuquerque, NM, for defendant Roth.
 D.N.M.
 AFFIRMED.
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The appellant, Ruben Martinez, appearing pro se, appeals the decision of the district court dismissing with prejudice all of his claims against Beth Roth.[1] Ms. Roth filed a motion to dismiss Mr. Martinez's action for failure to state a claim. No response to that motion was filed by Mr. Martinez. Fifty-eight days after the filing of the motion to dismiss, the district court entered its order dismissing Mr. Martinez's action. The district court did so on the grounds Mr. Martinez had failed to file a responsive pleading to the motion to dismiss and, as provided by local rule D.N.M.LR-cv 7.8, "failure to file a brief in opposition to any motion shall constitute a consent to deny or grant the motion." In addition, the district court concluded that because Mr. Martinez would no doubt be unable to prove any set of facts in support of his claims which would entitle him to relief, those claims were properly dismissed on the merits.
 
 
 3
 Having liberally construed Mr. Martinez's documents, we affirm for substantially the same reasons as those set forth by the district court in its order dismissing with prejudice Mr. Martinez's claims against Beth Roth. A copy of the district court's memorandum opinion is attached herewith.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF NEW MEXICO
 
 4
 Ruben Martinez, Plaintiff,
 
 
 5
 vs.
 
 
 6
 Beth Roth, Defendant.
 
 CIV 94-395 JC/WWD
 Filed July 28, 1994
 MEMORANDUM OPINION
 
 7
 CONWAY, Chief Judge.
 
 
 8
 THIS MATTER came on for consideration of Defendant Roth's Motion to Dismiss, filed May 31, 1994. The Court has reviewed the motion and the memorandum submitted by the defendant. The pro se plaintiff has filed motions for appointment of counsel and for expansion of time to file an amended complaint, both of which were denied. As of this date, however, Plaintiff has failed to file a responsive pleading to the motion to dismiss. As provided by local rule, D.N.M.LR-cv 7.8, "failure to file a brief in opposition to any motion shall constitute a consent to deny or grant the motion." Nevertheless, the Court has examined the merits of the motion to dismiss and finds that it is well-taken and will be granted.
 
 
 9
 When reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inferences must be indulged in favor of the plaintiff." Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir.1987). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318, 321 (10th Cir.1985). Moreover, this pro se complaint has received the liberal interpretation required by Haines v. Kerner, 404 U.S. 519 (1972).
 
 
 10
 The Complaint alleges that Defendant Roth performed an evaluation of Plaintiff in her capacity as a psychologist assigned to the Second Judicial District Court Clinic. The evaluation was ordered by the district court in response to Plaintiff's request that the court reevaluate the custody order regarding his minor children. Martinez claims that defendant Roth "deceived" him by not informing him that she "was not a doctor or a Ph.D." Roth further allegedly violated Plaintiff's constitutional rights by "restricting [his] access to a fundamental liberty interest to [his] children by conducting an improper investigation predicated on gender-based discrimination, retaliation against [him] and abuse of power." The Complaint also references alleged testimony by Roth at trial that Plaintiff was "dangerous" to his children and recommending termination of his parental rights.
 
 
 11
 For the reasons discussed below, the claims against Defendant Roth will be dismissed. Plaintiff's conspiracy claim brought pursuant to 42 U.S.C. Sec. 1985(3) necessarily fails because the Complaint is devoid of any allegation that Roth entered into an agreement to deprive Plaintiff of equal protection or due process of law. The cause of action brought pursuant to 42 U.S.C. Sec. 1986 must also fail due to the deficiency of the predicate Sec. 1985 claim. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). Any claim brought pursuant to the Fifth Amendment is deficient because such a claim requires "federal" rather than "state" action. Likewise, Sixth Amendment protection does not apply to this case because the claims arise in a civil rather than criminal context. Thus, to the extent due process and equal protection are implicated by the allegations of the Complaint, Plaintiff's protection is found under the Fourteenth Amendment to the Constitution and may be brought pursuant to 42 U.S.C. Sec. 1983.
 
 
 12
 Yet even the Sec. 1983 claims fail to state a claim upon which relief can be granted. Roth argues that the Complaint's vague allusion to "an improper investigation predicated on gender-based discrimination" is insufficient to state a deprivation of a constitutional right. Indeed, the Complaint seems replete with only conclusory allegations rather than the factual allegations necessary to state a cognizable claim.
 
 
 13
 The Court finds, however, that the allegations of the Complaint entitle Defendant Roth to "quasi-judicial" immunity from damages. The Supreme Court has noted that the "presumption is that qualified rather than absolute immunity is sufficient to protect governmental officials in the exercise of their duties." Burns v. Reed, 500 U.S. 478, 486 (1991). Yet, "[a]n individual, who plays an 'integral' part in the judicial process, may be entitled to absolute immunity even if he or she is not a judge." Schinner v. Strathmann, 711 F.Supp. 1143 (D.D.C.1989); see also Briscoe v. La Hue, 460 U.S. 325, 335 (1983). In determining the availability of absolute immunity, the Supreme Court has instructed that a "functional approach" be used to examine "the nature of the function performed, not the identity of the actor who performed it." Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2613 (1993), quoting Forrester v. White, 484 U.S. 219, 229 (1988).
 
 
 14
 As a court-appointed evaluator assisting the court in determining the best interests of the children, Roth's actions are best characterized as within her normal duties and "integral to the judicial process." See Snell v. Tunnell, 920 F.2d 673, 693-694 (10th Cir.1990). Her evaluation of Plaintiff at the Court's request could hardly be described as unilateral conduct and should not be classified as "investigative" conduct depriving her of absolute immunity. Id. Whether Roth qualifies as a psychologist (as alleged in the Complaint) or as a "clinician" (as she alleges in her Answer), the formal job classification should not control the outcome of the immunity analysis. Rather, the inquiry should focus on the specific role of the official and whether the relevant conduct has a "functional tie to the judicial process." See Buckley, 113 S.Ct. at 2618.
 
 
 15
 Officials with roles analogous to Roth's to whom absolute "quasi-judicial" immunity has been extended include: a court-appointed psychiatrist who interviewed a criminal defendant to assist the judge in assessing competency, Schinner, 711 F.Supp. 1143; law clerks, Sindram v. Suda, 986 F.2d 1459 (D.C.Cir.1993); a psychologist providing custody dispute resolution services, Howard v. Drapkin, 271 Cal.Rptr. 893 (Ct.App.1990); probation officers, Turner v. Barry, 856 F.2d 1539 (D.C.Cir.1988); and a court-appointed mediator or neutral case evaluator, Wagshal v. Foster, --- F.3d ----, 1994 WL 364014 (D.C.Cir.1994). Roth seems equally entitled to absolute immunity for the alleged actions which were taken within the scope of her duties to assist the judge in determining the childrens' best interests.
 
 
 16
 Moreover, insofar as Martinez' claim is based upon Roth's testimony at trial, all witnesses, whether public officials or private citizens, receive absolute immunity as to their testimony in court even if such testimony is false. Briscoe v. LaHue, 460 U.S. 325, 341 (1983); see also Watterson v. Page, 987 F.2d 1 (1st Cir.1993). Therefore, all claims against Roth will be dismissed with prejudice.
 
 
 17
 An order in accordance with this opinion shall be entered.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Initially, Mr. Martinez brought suit against numerous defendants. The district court dismissed all of Mr. Martinez's claims except those pertaining to Ms. Roth. Because Mr. Martinez failed to file a notice of appeal as to the district court's dismissal of the other named defendants in accordance with Fed.R.App.P. 4(a)(1), we lack jurisdiction to consider his arguments concerning the dismissal of those defendants. See Kenworthy v. Conoco, Inc., 979 F.2d 1462, 1464 (10th Cir.1992); In re Cascade Oil Co., 848 F.2d 1062, 1063 (10th Cir.1988)
 Mr. Martinez also filed two motions seeking to "strike" the submission of an answer brief by Ms. Roth which are hereby denied.